UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CANAL INSURANCE COMPANY,

   Plaintiff.

v.                                                     No. 4:21-cv-1170-P

MAGALLON TRUCKING, INC. ET AL.,

   Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court are Plaintiff Canal Insurance Company's Motions for Default Judgment against Defendants Saul Magallon and Magallon Trucking, Inc. ECF Nos. 16, 18. After consideration, the Court will **GRANT** the Motions and will issue a Declaratory Judgement that Plaintiff has no duty to defend or indemnify these Defendants.

### BACKGROUND

On October 22, 2021, Plaintiff Canal Insurance Company initiated this action seeking a declaratory judgment against Defendants Saul A. Magallon, Magallon Trucking, Inc., and Miguel Ulloa-Rodriguez. Pl.'s Compl., ECF No. 1. Miguel Ulloa Rodriguez is a driver for Magallon Trucking who was injured while loading a delivery truck. *Id.* ¶ 4.1. He sued Magallon Trucking and its owner Saul Magallon in state court, alleging his injuries were a result of his employer's negligence and seeking recovery of damages. *Id.* ¶ 4.2–4.4. This underlying litigation is on-going.

Canal Insurance provided a commercial automobile insurance policy to Magallon Trucking, Inc. that was effective at the time of the accident. *Id.* ¶ 5.1. The relevant portions of the policy detail that Canal Insurance will "pay all sums an 'insured' legally must pay as damages because of 'bodily injury' . . . to which this insurance applies" and that Canal Insurance has "the right and duty to defend any 'insured' against a 'suit'

asking from such damages . . . . However, [Canal has] no duty to defend any 'insured' against a 'suit' . . . to which this insurance does not apply." *Id.* ¶ 5.2. The policy creates a coverage exclusion that applies to "'bodily injury' to: (a) an 'employee' of the 'insured' arising out of and in the course of: (1) employment by the 'insured;' or (2) performing the duties related to the conduct of the 'insured's' business . . . . This exclusion applies: (1) whether the 'insured' may be liable as an employer or in any other capacity." *Id.* ¶ 5.5. Due to the litigation between Magallon Trucking and Ulloa-Rodriguez, Canal Insurance is seeking a declaratory judgment that, under its insurance policy, it has no duty to defend or to indemnify Magallon Trucking or its owner Saul Magallon for Ulloa-Rodriguez's claims. *Id.* ¶ 1.1, 1.3.

Canal Insurance served Defendants Saul Magallon and Magallon Trucking, Inc. on November 5, 2021, and served Miguel Ulloa-Rodriguez on November 13. ECF Nos. 6–8. On December 3, 2021, Defendant Ulloa-Rodriguez filed his answer. ECF No. 10. To date, Defendants Saul Magallon and Magallon Trucking, Inc. have not filed an answer or otherwise responded to Plaintiff's complaint and on December 17, 2021, Plaintiff requested that the Clerk of Court enter a default against these defendants. ECF Nos. 15, 17. The Clerk entered default against Defendants Saul Magallon and Magallon Trucking, Inc. ECF Nos. 19–20. Canal Insurance filed for default judgment against these Defendants. ECF Nos. 16, 18.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment. *See* FED. R. CIV. P. 55. There are three stages to the entry of a default judgment. *First*, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* FED. R. CIV. P. 55(a). *Second*, an entry of default may be entered "when the default is established by affidavit or otherwise." *N.Y. Life Ins. Co.*, 84 F.3d at 141 (citing FED. R. CIV. P. 55(a)). *Third*, a plaintiff may then

apply to the clerk or the Court for a default judgment after an entry of default is made. *Id.* A default judgment, however, may not be entered against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 521.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotation marks omitted). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).

In determining whether the entry of a default judgment is appropriate, courts have developed a three-part analysis. *Ramsey v. Delray Cap. LLC*, No. 3:14-CV-3910-B, 2016 WL 1701966, at *2 (N.D. Tex. Apr. 28, 2016). *First*, courts look to whether a default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The *Lindsey* factors are relevant to this inquiry. Accordingly, the Court may consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) the court would think itself obliged to set aside the default on the defendant's motion. *Id.*

*Second,* courts analyze the substantive merits of the plaintiff's claims and determine if there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (stating that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). To that end, the Court is

to assume because of its default, defendant admits all well-pleaded facts, but not to those facts that are not well-pleaded or other conclusions of law. *Id.*

*Third*, courts determine what form of relief, if any, the plaintiff should receive. *See Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages."). When the "amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary." *Ramsey*, 2016 WL 1701966, at *3 (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

## ANALYSIS

Applying this three-part analysis, the Court concludes that a default judgment is procedurally warranted and supported by a sufficient factual basis in Plaintiffs' Complaint.

### A. Default judgment is procedurally warranted.

In applying the *Lindsey* factors to the instant dispute, the Court concludes that the entry of default judgment is procedurally proper. *First*, there are no material facts in dispute as neither Defendant Saul Magallon nor Defendant Magallon Trucking, Inc., have filed any responsive pleadings to date. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). *Second*, Defendants' failure to respond effectively prejudices Plaintiff as the legal process is at a standstill. *Third*, nothing before the Court suggests that Defendants' failure to respond resulted from a good faith mistake or excusable neglect. *Fourth*, Plaintiffs seek only the relief to which it is entitled under the law, and the Court is aware of no applicable defenses. *See Helena Chem. Co. v. Goodman*, No. 5:10-CV-121, 2011 WL 1532200, at *1 (S.D. Miss., Apr. 21, 2011) (noting that the district court, in deciding whether to grant a motion for a default judgment, should consider whether the defendant has a meritorious defense to the complaint). *Finally*, the Court has no

4

facts before it that would provide a basis for setting aside a default if challenged by Defendants. These considerations warrant entering a default judgment in favor of Canal Insurance.

### B. Plaintiff's complaint adequately alleges that, under its policy, it has no duty to defend or indemnify Magallon Trucking, Inc. in the on-going litigation with Miguel Ulloa-Rodriguez.

Canal Insurance alleges that it has no duty to defend or indemnify Magallon Trucking, Inc. or Saul Magallon in the pending litigation between Magallon and Ulloa-Rodriguez. Under Texas law, the duty to defend "arises when a third party sues the insured on allegations that, if taken as true, potentially state a cause of action within the terms of the policy." *St. Paul Guardian Ins. Co. v. Centrum GS Ltd.*, 283 F.3d 709, 713 (5th Cir. 2002) (citation and internal quotation marks omitted). An insurer's duty to defend depends solely on the terms of the insurance policy and the pleadings of the third-party plaintiff. *Nautilus Inc. Co. v. Country Oaks Apts. Ltd*, 566 F.3d 452, 454 (5th Cir. 2009). There is no duty to defend if a third-party plaintiff's claim would fall within a policy exclusion; however, the insurer bears the burden to prove that an exclusion applies. *Id.* Typically, the duty to indemnify is only decided after the underlying liability case is concluded; but when a policy "exclusion that precludes the duty to defend would also preclude indemnity, courts are permitted to decide the duty to indemnify in advance." *Id.* at 458.

Here, Canal Insurance alleges that the underlying litigation falls within its policy's exclusion from coverage. In his suit against Magallon Trucking, Inc., Ulloa-Rodriguez, the third-party plaintiff, alleges that while he was "tasked with picking up an order of bricks," a portion of the delivery truck broke and caused him to fall and sustain injuries. Pl.'s Compl., Ex. A. ¶ 13. Taking Ulloa-Rodriguez's allegations as true, the underlying litigation falls squarely within Canal Insurance's policy exclusion. *See* Pl.'s Compl. ¶ 5.5. The policy does not apply to "'bodily injury' to: (a) an 'employee' of the 'insured' arising out of and in the course of: (1) employment by the 'insured;'" which is precisely what Ulloa-Rodriguez alleges in his complaint caused his injuries. *Compare*

5

*id., with* Pl.'s Compl., Ex. A. ¶ 13. Therefore, the underlying litigation does not state a claim within the terms of the policy. Further, the "same reason that negate[s] the duty to defend [will] likewise negate any possibly the insurer will ever have a duty to indemnify" Magallon Trucking, Inc. so Canal Insurance also will have no duty to indemnify under the policy. *See Nautilus*, 566 F.3d at 458 (citing *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (emphasis omitted)). Accordingly, the pleadings sufficiently support the judgment that Canal Insurance does not have a duty to defend or to indemnify.

## C. The Court need not calculate damages because Canal Insurance is entitled to a declaratory judgment.

Having determined that entry of default judgment is proper on Plaintiffs' claim, the Court would typically turn to Plaintiffs' requested damages. However, because Canal Insurance is seeking a declaratory judgment, there are no damages to calculate. A declaratory judgment can be a proper award in a default judgment. *See SUA Inc. Co. v. Buras*, 421 F. App'x 384, 385 (5th Cir. 2011). Further, Canal Insurance's allegations show there is an actual controversy "between [Canal Insurance and Magallon Trucking, Inc. who] hav[e] adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Therefore, awarding a default judgment of a declaratory judgement to Canal Insurance is appropriate.

## ORDER

Accordingly, as explained above, the requirements for granting default judgment have been met. The Court therefore concludes that Plaintiff's Motions for Default Judgment against these Defendants should be, and are hereby, **GRANTED**.

Therefore, Plaintiff Canal Insurance has no duty to defend or to indemnify Saul Magallon or Magallon Trucking, Inc. in the pending litigation between Magallon Trucking, Inc. and Miguel Ulloa-Rodriguez.

**SO ORDERED** on this **25th day of January, 2022**.

_____
Mark T. Pittman
United States District Judge